UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMAAL D.,[1] | : | Case No. 3:20-CV-315 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Jamaal D. brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #14), the Commissioner's Memorandum in Opposition (Doc. #17), Plaintiff's Reply (Doc. #18), and the administrative record (Doc. #11).

**I.      Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on January 20, 2017, alleging disability due to several impairments, including seizures, memory issues, "RABDO" (Rhabdomyolysis), and arteriovenous malformation of the brain. After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since March 31, 2016, the alleged onset date. |
| Step 2: | | Plaintiff has the following severe impairments: Intracranial Blood Vessel Malformation (AVM); Seizure Disorder; Migraine Headaches; and a Mild Cognitive Disorder. |
| Step 3: | | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: (1) frequent crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) limited to performing unskilled, simple, repetitive tasks; (6) occasional contact with co-workers, supervisors, and the public (7) no fast-paced production work or jobs involving strict production quotas; and (8) limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next." |

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

2

        Plaintiff is unable to perform his past relevant work as a tire technician.

Step 5:  Considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #11-2, *PageID* #s 50-61). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since March 31, 2016, the alleged onset date. *Id.* at 61.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #11-2, *PageID* #s 55-59), Plaintiff's Statement of Errors (Doc. #14), and the Commissioner's Memorandum in Opposition (Doc. #17). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow

its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

In his Statement of Errors, Plaintiff sets forth a single claim: "The ALJ Reversibly Erred in Evaluating the Medical Record and [Plaintiff's] RFC and Symptom Severity" (Doc. 14, *PageID* #813). Under the umbrella of his single claim, Plaintiff's Statement includes several distinct arguments. *Id*. at 813-17. For the convenience of the Court, each of those arguments is discussed separately.

#### A. Closed Period of Disability

Plaintiff first argues that the ALJ failed to consider whether Plaintiff is entitled to a closed period of disability. (Doc. #14, *PageID* #813). According to Plaintiff, the ALJ's decision focuses on the improvement and stabilization in his conditions by 2018, which was more than two years after the alleged onset date in this case, March 31, 2016. *Id*.

Disability benefits can be awarded for a closed period. *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir.1972). An individual who meets the twelve–month durational requirement of 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A) may be entitled to benefits from the time his disability commences until such time as the disability ceases. *Lang v. Secretary of HHS*, No. 88–1561, 1989 WL 40188, at *2 (6th Cir.1989).

In this case, ALJ Kenyon did not explicitly consider whether Plaintiff was entitled to a closed period of benefits, nor was he required to. *See, e.g., Sielaff v. Comm'r of Soc. Sec*., No. 1:10CV1571, 2012 U.S. Dist. LEXIS 21079 at *1, 2012 WL 567614, at *1 (N.D. Ohio Feb. 21,

2012) (finding no law exists requiring an ALJ "to use 'magic words' and specifically indicate that a closed period of disability had been considered and rejected."); *Marks v. Comm'r of Soc. Sec.*, No. 2:20-CV-3923, 2021 WL 2217072, at *8 (S.D. Ohio June 2, 2021) (Jolson, M.J.), *report and recommendation adopted*, No. 2:20-CV-3923, 2021 WL 5316758 (S.D. Ohio Nov. 16, 2021) (Marbley, D.J.) (same); *Dutkiewicz v. Comm'r of Soc. Sec*., No. 1:15-cv-163, 2015 U.S. Dist. LEXIS 166749 at *14, 2015 WL 8757250, at *5 (W.D. Mich. Dec. 14, 2015) (holding that although the ALJ's decision did not contain a specific finding stating that he considered a closed period of disability, the ALJ had considered the record as a whole, which necessarily showed that he found the plaintiff did not demonstrate a closed period of disability). Instead, the ALJ discussed the record as a whole and concluded that Plaintiff "has not been under a disability…from March 31, 2016, through the date of this decision[.]" (Doc. #11-2, *PageID* #61). This necessarily shows that the ALJ found that Plaintiff did not demonstrate a closed period of disability. *See Sielaff*, 2012 WL 567614, at *1.

Moreover, this analysis is supported by substantial evidence. Contrary to Plaintiff's contentions, ALJ Kenyon did rely on relevant records from before 2018 in finding Plaintiff capable of a reduced range of light work, including a negative EEG from September 2016 and treatment records from 2016 and 2017 showing no further seizures resulting in hospitalization after his prescription of Keppra. *See id*. at 50, 59. Additionally, the state agency physicians considered much of the same evidence and did not find evidence of a closed period of disability, nor did they recommend any significant limitations or restrictions of Plaintiff's activities. (Doc. #11-3, *PageID* #s 93-122, 125-152). Accordingly, Plaintiff was not entitled to a closed period of benefits.

B. **Assessment of Treating Source Jeremy Sturgill, PA-C**

As part of his critique of the RFC assessment, Plaintiff also alleges that the ALJ erred in his review of his treating source, Jeremy Sturgill, PA-C. (Doc. #14, *PageID* #815). Social Security Regulations recognize several different types of "acceptable" medical sources: treating physicians, non-treating, yet examining physicians, and non-treating, record-reviewing physicians." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013); *see* 20 C.F.R.§ 404.1502. Generally, ALJs "give more weight to the opinion from… treating sources." 20 C.F.R. § 404.1527. Indeed, when the treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[,]" the ALJ is required to place controlling weight on the treating source's opinion.[3] *See Rogers v. Comm'r of Soc. Sec*., 486 F.3d 234, 242 (6th Cir. 2007).

However, if the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

Plaintiff challenges the ALJ's evaluation of his treating physician's assistant, Jeremy D. Sturgill, PA-C. On February 13, 2018, Mr. Sturgill submitted a statement indicating that "[d]ue to his medical conditions: including seizure disorder, Vascular Malformation of the brain and

---

[3] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017)(to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's applications were filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to his claims.

6

migraine headaches, at this time [Plaintiff] is unable to maintain gainful employment." (Doc. #11, *PageID* #612).

In reviewing Mr. Sturgill's statement, ALJ Kenyon determined that it was not entitled to controlling weight. (Doc. #11-2, *PageID* #s 56-57). In support, he acknowledged the treating relationship between Mr. Sturgill and Plaintiff and concluded that, as a physician's assistant, Mr. Sturgill was not an "acceptable" medical source under the regulations. *Id*. at 57. He also pointed out that Mr. Sturgill's statement fails to "identify how often [Plaintiff's] seizures occur, or could be expected to occur in the future[,]" thus making it "of little value in determining [Plaintiff's] ability to maintain regular work attendance." *Id*. ALJ Kenyon also found Mr. Sturgill's statement that Plaintiff was "unable to maintain gainful employment" to be lacking the specificality needed to determine whether it was consistent with a finding of "disability" for Social Security purposes. *Id*. Moreover, he noted that such an opinion would ultimately be an issue reserved for the ALJ. *Id*. For these reasons, ALJ Kenyon attributed "limited weight" to Mr. Sturgill's opinion. *Id*.

ALJ Kenyon's decision to give "limited weight" to Mr. Sturgill's opinion is supported by substantial evidence. In reviewing his opinion, ALJ Kenyon correctly concluded that Mr. Sturgill was not an "acceptable" medical source under the regulations. *Id*.; *see also* 20 C.F.R. § 404.1527(c)(2). He further discredited Mr. Sturgill's opinion for failing to provide an explanation as to how often Plaintiff's seizures occur and how they would interfere with his ability to maintain gainful employment. In other words, not only was the assessment unsupported by clinical findings, but also provided little value to the ALJ in trying to incorporate Mr. Sturgill's opinion into Plaintiff's RFC. An ALJ may properly reject a vague opinion that does not provide any specific functional limitations. *See Quisenberry v. Comm'r of Soc. Sec.,* 757 F. App'x 422, 434 (6th Cir.

2018). Additionally, the ALJ also properly discounted Mr. Sturgill's opinion that Plaintiff was "unable to maintain gainful employment" as it speaks to the ultimate legal issue reserved for the ALJ. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Harris v. Heckler,* 756 F.2d 431, 435 (6th Cir. 1985)) ("The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician."); *see also* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will find you disabled.").

Finally, while it is true that the ALJ's decision must be supported by substantial evidence, it is Plaintiff who "bears the burden of proving the existence and severity of limitations caused by her impairments" through step four of the sequential evaluation process. *Jones,* 336 F.3d at 474. Accordingly, it is Plaintiff's burden to prove that he has a more restrictive RFC than that assessed by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999)). Plaintiff, however, does not indicate through citations to the record evidence or through factual or legal analysis what functional limitations caused by his impairments are not already accounted for in the RFC.

Accordingly, the ALJ's failure to impose more restrictive limitations to account for these diagnoses is not unreasonable. *See Kocher v. Comm'r of Soc. Sec.*, No. 2:14-cv-2263, 2015 WL 7307998, at *5 (S.D. Ohio Nov. 20, 2015) (Kemp, M.J.), *report and recommendation adopted*, 2015 WL 9489750 (S.D. Ohio Dec. 30, 2015) (Smith, D.J.) (quoting *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005)) ("[W]hen 'there is no evidence in the record, of any functional limitations as a result of [an impairment] that the ALJ failed to consider,' a remand for further resolution of this issue is unnecessary."); *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014)

("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."); *Townsend v. Astrue*, No. 6:12-CV-00261-SI, 2013 WL 687042, at *5 (D. Or. Feb. 25, 2013) (failure to discuss a diagnosis is error, but harmless where record does not reveal any limitations due to the diagnosed condition). Based on the foregoing, Plaintiff has failed to meet his burden of proving that his impairments require a more restrictive RFC than that assessed by the ALJ. Thus, Plaintiff's argument is not well taken.

### C. The ALJ's Review of Plaintiff's Symptom Severity

Plaintiff also alleges that the ALJ's assessment of his subjective complaints of pain and physical limitations are not supported by substantial evidence. (Doc. #14, *PageID* #s 814-15). When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms. *See* 20 C.F.R. § 404.1529 Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, *3 (March 16, 2016).[4] First, the ALJ must determine whether the individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve

---

[4]Soc. Sec. R. (SSR) 16-3p, 2016 WL 1119029, which "provides guidance about how [the SSA] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms," superseded SSR 96-7p and became applicable to decisions issued on or after March 28, 2016. *See* SSR 16-3p, 2017 WL 5180304 (October 25, 2017) (clarifying applicable date of SSR 16-3p).

9

pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *See also* 20 C.F.R. § 404.1529(c)(3).

In performing this assessment, the ALJ is not required to analyze all seven factors but must still show that he considered the relevant evidence. *Roach v. Comm'r Soc. Sec.*, No. 1:20-CV-01853-JDG, 2021 WL 4553128, at *10–11 (N.D. Ohio Oct. 5, 2021). Indeed, the ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record. *Rogers*, 486 F.3d at 247 (internal quotation omitted). Finally, the ALJ's explanation of his decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248.

In this case, the ALJ applied the proper legal standards and reached a decision supported by substantial evidence in finding that Plaintiff's subjective symptom complaints were inconsistent with the medical evidence. 42 U.S.C. § 405(g); *Rogers*, 486 F.3d at 241. The ALJ thoroughly discussed the record evidence and concluded that it did not support Plaintiff's subjective complaints, explaining as follows:

> After careful consideration of the evidence, the [ALJ] finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported. As noted above, [Plaintiff's] testimony is not consistent with the medical file. [Plaintiff's] EEG was negative. Keppra has been effective in controlling [Plaintiff's] seizures. [Plaintiff's] gamma knife surgery appears to have been successful and he does not appear to have suffered any complications. While [Plaintiff] has experienced some seizures, they are not of such frequency as to preclude him from maintain a dependable work schedule. [Plaintiff] had some headaches, but they are also not so frequent or severe as to preclude [Plaintiff] from maintaining a dependable work schedule. While [Plaintiff] alleges some memory deficits, though the record also notes stabilization in this area, which provides sufficient recall and concentration ability to retain simple instructions and focus in the performance of simple,

repetitive tasks which are not fast-paced, and which do not involve frequent workplace change.

(Doc. # 11-2, *PageID* #s 58-59).

Substantial evidence supports the ALJ's findings. As noted above, the ALJ reasonably discounted Plaintiff's allegations on the grounds that the objective evidence did not support his subjective complaints. *See* 20 C.F.R. § 404.1529(c)(2) (objective medical findings are useful in assessing the intensity and persistence of a claimant's symptoms); *Long v. Comm'r of Soc. Sec.*, 56 F. App'x 213, 214 (6th Cir. 2003) (holding that plaintiff "did not introduce sufficient objective evidence to support the existence or severity of her allegedly disabling headaches"); *Donerson v. Comm'r of Soc. Sec.*, No. 1:16 CV 3028, 2017 WL 6987958, at *7 (N.D. Ohio Dec. 28, 2017) (finding that "the ALJ did not err in relying on the lack of objective evidence as one factor in discounting Plaintiff's credibility regarding the limiting effects of her migraines."). Because the ALJ applied the proper legal standards and reached a decision supported by substantial evidence, the ALJ's findings regarding Plaintiff's subjective symptom complaints about his physical and mental impairments cannot be disturbed by this court. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (declining to disturb the ALJ's credibility determination, stating that: "[w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility" (citation omitted)).

### D. The ALJ's Formulation of Plaintiff's RFC

Plaintiff's final argument accuses the ALJ of interpreting raw medical data to formulate his RFC. (Doc. #14, *PageID* #816). However, in formulating the RFC, ALJ Kenyon expressly relied upon the medical opinions of agency consultants who opined that Plaintiff was capable of a reduced range of light exertional work consistent with the RFC he determined. Indeed, the only

difference between the ALJ's formulated RFC and the opinions of Drs. McKee and Thomas were that the ALJ found Plaintiff to be limited to an additional no driving restriction. (Doc. #11-2, *PageID* #56). The consulting physicians reviewed medical records through the date of their respective opinions, considering multiple impairments including, but not limited to, Plaintiff's seizures, memory issues, RABDO, and arteriovenous malformation of the brain. (Doc. #11-3, *PageID* #s 93-122, 125-52). Arguing that this Court should reverse for further review by a qualified medical expert, Plaintiff points to his gamma knife surgery in 2018 and a post-surgery MRI from February 4, 2019, which no physician translated "into functional terms" before the ALJ. (Doc. #14, *PageID* #816). A review of the record does not support this remedy.

Following Plaintiff's gamma knife surgery in June 2018, Plaintiff underwent a brain MRI on February 4, 2019, which reported a "redemonstration of an abnormal tangle of vessels in the posterior left temporoparietal region compatible with [Plaintiff's] known arteriovenous malformation." (Doc. #11-9, *PageID* #691). In reviewing the MRI, Dr. Michael Luttrull provided the following impression:

> Left temporoparietal [AVM]. Arterial nidus appears mildly decreased in size in comparison to outside MR angiogram from September 22, 2016. Peripheral, dilated draining veins along the posterior left cervical convexity emptying into the superior sagittal sinus and left transverse sinus appear relatively stable.

*Id*. at 691-693.

The Court finds no basis to remand for additional review of the gamma knife surgery or post-surgery MRI and concludes that the ALJ's determination was appropriately based on the record as a whole, including the consultative medical opinion evidence. "It is well-settled that 'the ALJ is charged with the responsibility of evaluating the medical evidence and the [plaintiff's] testimony to form an assessment of [the plaintiff's] residual functional capacity.'" *Evans v.*

*Comm'r of Soc. Sec.*, No. 1:18-CV-632, 2019 WL 3927507, at *9 (S.D. Ohio Aug. 20, 2019) (Litkovitz, M.J.), *report and recommendation adopted*, No. 1:18-CV-632, 2019 WL 4738120 (S.D. Ohio Sept. 28, 2019) (Black, D.J.) (quoting *Coldiron v. Comm'r of Soc*. Sec., 391 Fed Appx. 435, 439 (6th Cir. 2010) (additional citations omitted)).

While it is true that the consulting physicians did not have an opportunity to review the February 4, 2019 MRI, it is not the case that the MRI was not reviewed by any medical doctor at all. As noted above, Dr. Luttrull provided his impression of the scan, which was that the AVM was similar to Plaintiff's prior imaging from 2016, except that it now appeared to be mildly smaller. (Doc. #11-9, *PageID* #691). Accordingly, it was reasonable for the ALJ to infer that the image did not contain new or worsening findings that needed to be interpreted by the consulting physicians who had considered similar imaging. (Doc. #11-3, *PageID* #s 93-122, 125-52; Doc. #11-7, *PageID* #s 442-46). Similarly, the gamma knife surgery appears to have been contemplated since at least June 2017, (Doc. #11-7, *PageID* #s 471-72), thus indicating that the surgery was not a result of worsening symptoms not considered by the consulting physicians. Accordingly, the ALJ did not err in relying on the opinions of the consulting physicians as he appropriately reviewed the more recent evidence himself. *See McGrew v. Comm'r of Soc. Sec.,* 343 F. App'x 26, 32 (6th Cir. 2009) (finding substantial evidence to support an ALJ's RFC determination that was based on the state agency consultants and the ALJ's review of the more recent evidence).

Based on the foregoing reasons, Plaintiff's Statement of Errors is not well taken.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #14) is **DENIED**;

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.

March 16, 2022                                             *s/Peter B. Silvain, Jr.*
                                                           Peter B. Silvain, Jr.
                                                           United States Magistrate Judge